IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 5:20-CR-50029-001 |
| | ) | |
| | ) | |
| SIMON SAW-TEONG ANG | ) | |
| aka HONG SIZHONG | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## MOTION TO CONTINUE TRIAL

Comes now the United States of America by and through Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, for its Response to the Defendant's Motion to Continue Trial for an additional 180 days (Doc. 41) and states that the United States does not oppose a reasonable continuance of approximately three (3) months. However, a continuance as requested for an additional 180 days beyond the current scheduled trial date would result in unnecessary delay. For all matters relevant, the United States maintains the following:

1. This case is currently set for trial on Tuesday, November 8, 2021. There have been two prior continuances requested by the defendant in this matter. This case was originally set for trial on August 11, 2020. (Doc. 22). The case was continued by order on August 5, 2020 to a new trial date of October 5, 2020. (Doc. 23). The defendant filed a motion to continue on September 14, 2020. (Doc. 24). The Court granted the motion and set the jury trial for March 1, 2021. (Doc. 25). The case was then continued by order on February 11, 2021 to a new trial date of May 3, 2021. (Doc. 27). The defendant filed a second motion to continue on March 15, 2021. (Doc. 28). The Court granted this motion and set the jury trial for November 8, 2021. (Doc. 32). The current motion before the Court represents the third motion to continue the jury

trial in this matter filed by the defendant. (Doc. 41).

2. The defendant was originally charged with forty-two (42) counts of wire fraud and two (2) counts of making a false statement in the application and use of a passport. (Doc. 15). The Superseding Indictment added thirteen (13) additional counts of wire fraud and two (2) additional counts of making false statements. (Doc. 34).

3. The Government is not required to inform defense counsel of a Superseding Indictment. Nevertheless, and contrary to the defendant's assertions that the new counts are "last minute allegations," the Government informed defense counsel of its intention to supersede the Indictment in an email dated Thursday, March 25, 2021. In addition, the Government met with both of the attorneys representing the defendant on May 7, 2021. During this meeting, the Government reiterated that a Superseding Indictment would be sought and explained all the new proposed charges in detail.

4. The Government has made timely and complete disclosure of all discovery material as contemplated by Rule 16 of the Federal Rules of Criminal Procedure and as further instructed by the Court's Second Amended Pretrial Scheduling Order (Doc. 33).

5. The additional counts of wire fraud require the disclosure of limited additional discovery. The Government will make timely and complete disclosure of this additional discovery material as contemplated by Rule 16 of the Federal Rules of Criminal Procedure, as further instructed by the Court's Second Amended Pretrial Scheduling Order (Doc. 33), and as further instructed by the Court during the arraignment on the Superseding Indictment. (Doc. 40).

6. The additional counts of making false statements do not require the disclosure of additional discovery.

7.	The defendant is, in effect, requesting a total of 275 days[1] to review the additional limited discovery and retain expert witnesses. The Government has no objection to a continuance of the trial on this matter, but there is no legally or factually valid reason supporting a continuance for an additional 180 days past the current scheduled trial date.

8.	The Government submits that a reasonable continuance of approximately ninety (90) days would be more than sufficient for the defense counsel to review additional discovery and prepare for trial.

WHEREFORE, the United States does not oppose an approximately three (3) month continuance to allow for the defense to prepare for trial, but maintains that the request for a continuance of 180 days past the current trial date is unsupported and would result in unnecessary delay.

 

Respectfully submitted,

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

*/s/ Clay Fowlkes*
Clay Fowlkes
Acting United States Attorney
Arkansas Bar No. 2003191
414 Parker Avenue
Fort Smith, AR 72901

---

[1] There are currently 95 days remaining before the current scheduled trial date of November 8, 2021.

## CERTIFICATE OF SERVICE

I, Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Drew Ledbetter and Kim Weber, Attorneys for the defendant.

/s/ Clay Fowlkes
David Clay Fowlkes
Acting United States Attorney