IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO: 5:20-CR-50029-001 |
| VS. ) | |
| ) | |
| SIMON SAW-TEONG ANG ) | |

### DEFENDANT'S RESPONSE TO UNITED STATES' RESPONSE
### TO DEFENDANT'S MOTION TO CONTINUE TRIAL

Comes now the Defendant, Simon Saw-Teong Ang, by and through his counsel, Drew Ledbetter, and for his Motion for Continuance does state as follows:

1. Mr. Fowlkes' response to The Defendant's Motion to Continue contains statements that are misleading, inaccurate, and incomplete.

2. In ¶ 3 of the Government's response, Mr. Fowlkes wrote "the Government informed defense counsel of its intention to supersede the Indictment in an email dated Thursday, March 25, 2021." This statement is purposefully misleading. Mr. Fowlkes wrote about seeking a superseding indictment in the email, but for a much earlier grand jury, and on entirely different subject matter. Please see attached Exhibit "A" which is the email in question. In March and April of 2021, Mr. Fowlkes was pressuring Dr. Ang to strike a plea bargain with the Government and to cooperate with them on other investigations. Mr. Fowlkes asserted his intention to supersede the Indictment with the Grand Jury on April 27, 2021-April 28, 2021. He further asserted that the only way to stop this superseding Indictment was to cut a deal. Of course, Mr. Fowlkes did not seek a superseding Indictment with the Grand Jury. He never mentioned seeking a superseding

Indictment at a Grand Jury in the future. The Defense was not made aware that Mr. Fowlkes was seeking a new superseding indictment, on different subject matter, until July 29, 2021.

3. Mr. Fowlkes also referenced a May 7, 2021 meeting with Defense counsel. Mr. Fowlkes wrote, "During this meeting, the government reiterated that a Superseding Indictment would be sought and explained all the new charges." This statement is false. At the May 7, 2021 meeting, Mr. Fowlkes told Defense counsel that he did not go through with the superseding indictment because he did not get approval from DOJ. Mr. Fowlkes did not "explain all the new charges" at this May 7, 2021 meeting. In fact, none of the fifteen (15) counts filed last week were the counts that Mr. Fowlkes was discussing with Defense counsel as potential charges for the superseding indictment back in March and April of 2021. The charges being threatened by the United States' Attorney, at that time, were money laundering, making false statements (but on entirely different subject matter than the charges in the recently filed superseding Indictment), and potential criminal tax violations. Please see attached Exhibit "B." Throughout the entirety of this case, the one consistent theme in the communication from Mr. Fowlkes and his office, has been their absolute refusal to "explain" the charges, or provide supporting documentation for their claims. The idea that Mr. Fowlkes claims to have sat down and explained all the new charges is disingenuous.

4. Mr. Fowlkes asserts that he has made timely and complete disclosure of all discovery material as contemplated by Rule 16 of the Federal Rules. This statement is false. Mr. Fowlkes has been continually reminded that discovery is incomplete, that discovery is

inaccessible, or that discovery is missing. On March 25, 2021, in an email, Defense informed Mr. Fowlkes that the Defense had tabled the discussion about plea/cooperation because we were still waiting on discovery. Please see attached Exhibit "C." On May 14, 2021, Mr. Fowlkes was notified by text message that documents included in his PowerPoint were not accessible in the discovery provided to Defense counsel, and he was given a specific example. Please see attached Exhibit "D." On May 24, 2021, Mr. Fowlkes was contacted again about the missing discovery, to which he replied that he was "working on it." Please see attached Exhibit "E." On May 28, 2021, Defense counsel offered to come to Mr. Fowlkes' office and show the Government his own work product in hopes of reciprocal treatment, but he was put off again. Please see attached Exhibit "F." On June 30, 2021, Mr. Fowlkes was again confronted about the missing discovery via text. He left the question unaddressed. Please see Exhibit "G." Even after being ordered by the Court, in-chambers, on July 6, 2021, to turn over the docs from his PowerPoint, Mr. Fowlkes has not done so.

5. Mr. Fowlkes asserts in his response that there is no legally or factually valid reason supporting a continuance for an additional 180 days. Mr. Fowlkes has never been in a private legal practice, so he may not understand how much time, energy, and effort go into securing an expert witness for trial, helping them understand the nature of the charges and the discovery, allowing time for them to consider and develop opinions, allowing time for them to generate a report, reviewing their reports, and preparing their testimony. Mr. Fowlkes, who is backed by the authority and power of the United States' Government, can make witnesses come to him. Defense counsel, on the other hand, will

be required to board commercial flights during an international health crisis, and burn valuable blocks of days in cities like Austin, Texas and San Francisco, California, interviewing prospective experts to defend these meritless charges. 180 days is an extremely tight timeline to locate and secure two experts on such challenging subject matter. Under normal circumstances, the Defense would begin their search immediately upon Indictment and would have 12 months to work with their experts before trial.

6. This Motion for Continuance is not for purposes of delay, but for the means and ends of justice.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant the Defendant's Motion for Continuance of Jury Trial for 180 days.

Respectfully Submitted,
SIMON SAW-TEONG ANG

BY:/s/ Drew Ledbetter
DREW LEDBETTER
LEDBETTER | CLINE, P.L.L.C.
P.O. Box 4039
Fayetteville, AR 72702
(479) 444-7444
Supreme Court Number 2003142
drew@ledbettercline.com

### CERTIFICATE OF SERVICE

I, Drew Ledbetter, hereby certify that on the 5th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/EFC System which will send notification of such filing to the following:

Honorable Clay Fowlkes
United States Attorney's Office
via email to clay.fowlkes@usdoj.com

<u>/s/ Drew Ledbetter</u><br>
DREW LEDBETTER