

**U.S. Department of Justice**

*David Clay Fowlkes*
*Acting United States Attorney*
*Western District of Arkansas*

---

Office of the United States Attorney
414 Parker Avenue            (479) 783-5125
Fort Smith, Arkansas  72901   Fax:  (479) 785-2442

November 10, 2021

Drew Ledbetter
Ledbetter Cline PLLC
112 S. East Avenue
Fayetteville, Arkansas  72701

Courtney Cline
Ledbetter Cline PLLC
112 S. East Avenue
Fayetteville, Arkansas  72701

Kimberly Weber
Matthews, Campbell, Rhoads, McClure & Thompson
119 South Second Street
Rogers, Arkansas  72756

Stuart Cearley
Staurt Cearley Law Group
3906 SW Banbury Dr.
Bentonville, Arkansas  72713

      Re:    United States of America v. Simon Saw-Teong Ang, Case No. 5:20-CR-50029-001
             Expert Disclosures

Dear Counsel:

      The United States of America, by and through undersigned counsel, hereby provides a notice and written summary of the testimony of the potential expert witnesses described below, whom the government currently intends to call at trial during its case-in-chief, in compliance with its obligations under Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rules of Evidence 702, 703, and 705, and the Court's scheduling orders.  The United States may choose not to elicit the testimony outlined in this notice.

      In delivering this notice, the United States does not contend or concede that all of the testimony described below qualifies as expert testimony under Federal Rule of Evidence 702 or implicates the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rule of Evidence 702, or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  Indeed, the United States believes that much of the substance of the witness testimony described herein should be received as non-expert fact testimony or lay opinion testimony pursuant to Federal Rule



of Evidence 701.  Nevertheless, each witness is disclosed here as a potential expert witness in the event the Court concludes that any of their testimony constitutes expert testimony and as a courtesy to the Defendant.

The United States acknowledges its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rule of Criminal Procedure 16(c) and this Court's scheduling orders.  Should unexpected events arise between now and the trial which might require additional or different expert testimony, the United States will promptly seek the Court's permission to offer the testimony of additional and/or alternative expert witnesses.  The United States also reserves the right to supplement these disclosures.

**I.     Catherine K.S. Chang, Linguist, Federal Bureau of Investigation**

The United States expects to elicit the testimony of Catherine K.S. Chang, a Mandarin Chinese linguist with the FBI.  Her curriculum vitae is attached as **Exhibit A**.  Ms. Chang holds a LL.B. from National Taiwan University, College of Taiwan in Taipei, Taiwan, an LL.M. in Asian and Comparative Law, from the University of Washington School of Law, and a Ph.D. in Asian & Comparative Law from the University of Washington School of Law in Seattle, Washington.  She has over 20 years of experience as an interpreter and translator in a broad range of areas, including the legal, commercial, healthcare, education spheres.

Ms. Chang is expected to testify that numerous items of evidence originally written or spoken in Chinese have been translated into English in a fair, accurate, and complete manner.

**II.    Jinsuo Wang, Linguist, Federal Bureau of Investigation**

The United States expects to elicit the testimony of Jinsuo Wang, a Mandarin Chinese linguist with the FBI.  His curriculum vitae is attached as **Exhibit B**.  Mr. Wang has a B.A. in English Language and Literature from Nankai University in China, a B.A. in Cross-Cultural Communications from Beijing University in China, and an M.B.A. in International Marketing from Baruch College, City University of New York in New York, New York.  He has over 20 years of experience as an interpreter and translator, including over 17 years of experience as a language analyst for the FBI.  Mr. Wang's translation experience includes translation of legal documents, financial statements, and commercial and promotional materials.

Mr. Wang is expected to testify that numerous items of evidence originally written or spoken in Chinese have been translated into English in a fair, accurate, and complete manner.

**III.   Jason Wang, Linguist, Federal Bureau of Investigation**

The United States expects to elicit the testimony of Jason Wang, a Mandarin Chinese Linguist with the FBI.  His curriculum vitae is attached as **Exhibit C**.  Mr. Wang holds a B.A. in Sociology and East Asian Studies from the University of California, Davis.  He has over 8 years of translation experience with the FBI, earning several awards, including the FBI Medal of Excellence, for his work on ongoing investigations.  He also has experience conducting open source collection of data for investigations.

United States of America v. Simon Saw-Teong Ang

November 10, 2021
Page | 3

Mr. Wang is expected to testify that numerous items of evidence originally written or spoken in Chinese have been translated into English in a fair, accurate, and complete manner.

## IV.     Emily Weinstein, Independent Consultant

The government expects to elicit the testimony of Emily Weinstein on the scientific and technology development strategy of the government of the People's Republic of China (PRC), and specifically its implementation of a variety of talent programs to further this strategy. Ms. Weinstein is a specialist on Chinese innovation and the PRC's domestic science and technology policies and development. She has been retained in her independent capacity as a consultant for the United States, but her relevant experience includes her current position as a Research Analyst for Georgetown University's Center for Security and Emerging Technology (CSET), and her prior work as an Analyst at Pointe Bello, a strategic intelligence firm. Ms. Weinstein's work has been published by CSET, the Australian Strategic Policy Institute, the Global Taiwan Brief, and the Jamestown Foundation's China Brief, among other organizations, and she has testified before the U.S.-China Economic and Security Review Commission. She has spoken and written on numerous topics relating to the PRC government's technology development strategy, and she currently maintains the first and only database cataloguing and describing Chinese talent programs, CSET's Chinese Talent Program Tracker.

Ms. Weinstein's testimony will be based on her experience researching and studying the PRC government's science and technology strategy and its talent programs. A copy of her curriculum vitae is attached as **Exhibit D**. The government expects to compensate Ms. Weinstein approximately $100 per hour to consult on this case, prepare for her testimony, and testify at trial (plus expenses at the GSA-mandated rate).

The government expects that Ms. Weinstein's testimony will relate to the following topics and points:

- For the past several decades, the PRC government has prioritized scientific and technological development and has implemented a pragmatic strategy to accelerate that development, including through a broad array of party- and state-sponsored talent programs.

- Open source research has made it possible for analysts of Chinese domestic science and technology policy to understand the operation and characteristics of these and related programs.

- Chinese talent programs recruit researchers with specialized knowledge, including non-citizens, to bolster China's civilian and military goals. Some Chinese talent programs, for example, are designed to recruit experts to commercialize or develop advanced technology by working for or forming companies in China. Other talent programs are designed to recruit academics for teaching and research at Chinese academic institutions.

United States of America v. Simon Saw-Teong Ang

November 10, 2021
Page | 4

- Chinese talent programs incentivize persons with access to advanced scientific and technological information to transfer that information to the PRC in exchange for financial and other benefits. These benefits often include upfront bonuses, salary payments, housing, living expenses, travel subsidies, and research funding.

- Certain exhibits introduced at trial are consistent with the defendant's participation in various Chinese talent programs.

### V.    Layne Gimnich, IT Specialist – Forensic Examiner, Federal Bureau of Investigation

Layne Gimnich received a B.A. in Cybersecurity from the University of Maryland University College. His curriculum vitae is attached as **Exhibit E**. Mr. Gimnich has assisted the FBI's Computer Analysis Response Team in Little Rock, Arkansas since 2009 and has been certified as an Information Technology Specialist – Forensic Examiner since 2018. He has examined over 950 pieces of digital media in the support of over 190 cases since 2009.

As part of his job duties, Mr. Gimnich made forensic images of digital evidence seized during the execution of criminal search warrants, including multiple encrypted evidence items belonging to the Defendant. Mr. Gimnich is expected to testify about the nature of the examination that he undertook of the devices and images, and the methods and/or software used to assist him in the examination. Accordingly, Mr. Gimnich is expected to testify in the nature of a fact witness explaining how certain evidence was located.

Sincerely,

*[signature]*

Clay Fowlkes
Acting United States Attorney