IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO: 5:20-CR-50029-001 |
| VS. | ) | |
| | ) | |
| SIMON SAW-TEONG ANG | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PREVENT THE USE OF "VICTIM"**

Comes now the Defendant, Simon Saw-Teong Ang, by and through his counsel, Drew Ledbetter, and for his Motion in Limine, states the following:

1. That this Court has jurisdiction of the parties and the subject matter contained herein.

2. That Defendant has reason to believe, and anticipates, that the United States Attorney and/or the Government may refer to the University of Arkansas and their entities, United States Airforce, NASA, Governmental agencies, HIDEC, Matt Francis (a.k.a. Hot Tech Program), Ozark Integrated Services, Watt Glass and any or all entities or persons as "victims" during trial, and Defendant hereby objects and moves this Court to prevent any and all such references or labels.

3. That the question before the jury in this case is whether or not a crime was committed at all, and, as such, there is no objective basis, unless and until such decision has been rendered, to accord the aforementioned agencies, entities, and/or persons the label "victim" in front of the jury.

4. That Defendant is entitled to and enjoys the presumption of innocence, and he bears no burden of proof in this matter, the Government being instead required to prove each and every element of each charge beyond a reasonable doubt, before such presumption will cease to abide.

5. That use of the term "victim" in front of the jury would unfairly and improperly dilute the Government's burden of proof in this case.

6. That the Court generally instructs the jury at the outset of a criminal case that the filing of an Indictment in and of itself is neither evidence nor proof of wrongdoing on the part of the Defendant, but is merely the means by which a Defendant is brought to trial.

7. That allowing the Government, or its witnesses, to refer to these the aforementioned agencies, entities, and/or persons as "victim" would improperly indicate to the jury that the Prosecution has already shown, simply by filing the Indictment, that a crime has been committed in this case and that this Defendant committed it, which is clearly not the law.

8. That the jury would be likely to take the label of "victim" as a proven fact when it is truly the fact upon which they themselves are to decide, and for this Court to permit such a label, thereby implicitly shifting the burden to the Defendant to prove that the aforementioned agencies, entities, and/or persons are *not* "victims" would send a confirming signal to the jury, thus compounding the unfair prejudice against him in this case.

9. That permitting the Prosecutor to refer to the aforementioned agencies, entities, and/or persons as a "victim(s)" in front of the jury would also amount to improper personal vouching for both their credibility and the justness of the Government's case, such personal opinions on an issue offered as a factor for the jury to consider in its deliberations being a clear violation of Defendant's Federal Due Process rights. Fifth and Fourteenth Amendments to the United States Constitution; *Brady v.*

*Maryland*, 373 U.S. 83 (1963).

    a. "... improper suggestions, insinuations, and, especially assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States*, 295 U.S. 78, 88 (1935).

    b. "The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose[s] two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985).

10. That continuous reference to the aforementioned agencies, entities, and/or persons as a "victim" during trial would improperly signal to the jury that the Prosecutor (and/or Government's witnesses) holds a personal belief in the credibility of her claims, such opinions by law enforcement authorities and prosecutors often carrying great weight with jurors, when credibility itself is the pivotal issue in this case.

WHEREFORE, the Defendant, SIMON SAW-TEONG ANG, respectfully asks this Court to grant his Motion in Limine in the above-referenced matter and to prohibit the Government, or any of its agents or witnesses, through exhibits or statements, from referring to the University of Arkansas and their entities, United States Airforce, NASA, "Victim Company", Governmental agencies, HIDEC, Matt Francis (a.k.a. Hot Tech Program), Ozark Integrated Services, Watt Glass and any or all entities or persons a "victim" during the course of the trial in front of the jury in this case.

Respectfully Submitted,
SIMON SAW-TEONG ANG

BY:/s/ Drew Ledbetter
DREW LEDBETTER
LEDBETTER | CLINE, P.L.L.C.
P.O. Box 4039
Fayetteville, AR 72702
(479) 444-7444
Supreme Court Number 2003142
drew@ledbettercline.com

## CERTIFICATE OF SERVICE

I, Drew Ledbetter, hereby certify that on the 3rd day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/EFC System which will send notification of such filing to the following:

Honorable Clay Fowlkes
United States Attorney's Office
via email to clay.fowlkes@usdoj.com

/s/ Drew Ledbetter
DREW LEDBETTER