IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO: 5:20-CR-50029-001 |
| VS. | ) | |
| | ) | |
| SIMON SAW-TEONG ANG | ) | |

**RESPONSE TO UNITED STATES' MOTION TO EXCLUDE TESTIMONY FROM DEFENDANT'S EXPERT KRAIG OLEJNICZAK**

Comes now the Defendant, Simon Saw-Teong Ang, by and through his counsel, Drew Ledbetter, and for his Response to United States' Motion to Exclude Testimony From Defendant's Expert Kraig Olejniczak, states the following:

Defendant's expert witness Dr. Kraig Olejniczak first had contact with defense counsel on April 16, 2021. At that time, the United States had not yet (and most likely still has not) produced all discovery relevant to the areas of expertise of Dr. Olejniczak.  In anticipation of needed testimony, gleaned from the original Indictment, as well as some of the FBI reports available on April 16, 2021, your undersigned Counsel met with Dr. Olejniczak about his experience and knowledge of higher education administrative policies, conflict of interest policies, funding, and grant programs.  At the time defense counsel was still waiting on usable, meaningful, discovery from the Government; and all parties decided to wait until discovery was available and accessible to make any formal agreement.  April 16, 2021 was the first time defense counsel had any contact, either in person or by phone, with Dr. Olejniczak.  Defense counsel did not talk with Dr. Olejniczak in June of 2020, as stated in the Government's motion.

Based on the delayed discovery received from the United States, Defendant was unable to prepare any appropriate documents and work product for Dr. Kraig Olejniczak to review until

November 8, 2021. The Defense has received the discovery, upon which Dr. Olejniczak will base his testimony, in piecemeal fashion, throughout the fall and winter. Below is a summary of the timeline of discovery disclosures:

**July 6, 2021** – Counsel met with Court in chambers. The Government was ordered to disclose all reasonably foreseeable trial documents;

**July 9, 2021** – Government sent a large data dump in zip files, primarily of materials recovered in the search warrant of Dr. Ang's home and personal computers. 649 images of "physical evidence" totaling 10,090 pages; all documents in Chinese were provided with no English translations;

**July 28, 2021** – The Superseding Indictment was filed;

**August 3, 2021** – Defense Motion for Continuance was filed, requesting an additional 180 days to identify, interview and hire experts and for said experts to analyze issues and generate reports;

**August 9, 2021** – Supplemental discovery for Superseding Indictment disclosed, including records from the University of Arkansas (2,822 pages);

**September 20, 2021** – Government disclosure including University of Arkansas Payroll and Leave Records (291 pages); Xidian University Recruitment Documents (6 pages); translations (172 pages); University of Arkansas Outside Employment and COI forms (43 pages); NMT document (1 page); passport documents (77 pages); University of Arkansas Human Resource File (158 pages); University of Arkansas Office of Research Compliance documents (124 pages); HIDEC external clients (10 pages); and bank records (205 pages);

**October 1, 2021** – Government disclosed one lengthy PDF file of images titled "S.Ang Documents" (2,580 pages) and 3 videos;

**November 3, 2021** - Defense filed a Motion for Discovery Hearing, to make a record as to the slow process of discovery disclosures and the Government's failure to comply with the Court's scheduling orders;

**November 9, 2021** –   Government disclosed translations (718 pages);

**November 10, 2021** – Government disclosed its first set of experts;

**November 16, 2021** – Government disclosed NASA documents (841 pages);

**November 30, 2021** – Government disclosed more translations (475 pages);

**December 1, 2021** – Erika Esterbrook, the Court's Law Clerk, sent a follow-up email, o both parties, asking if the Defense still needed a hearing on discovery;

**December 2, 2021** – Defense counsel replied to Ms. Esterbrook's email stating that he had met with Mr. Fowlkes, in Mr. Fowlkes' office on that day, and based on assurances made by Mr. Fowlkes, Counsel did not believe the Court's involvement would be necessary;

**December 2, 2021** – Government disclosed 7 interview recordings (over 7 hours of audio);

**December 7, 2021** – Government disclosed University of Arkansas Board Policies; University of Arkansas Approval for Outside Employment documents; University of Arkansas Related Laws and Policies; University of Arkansas Annual Report on Outside Employment of Faculty Administrative Staff Members; University of Arkansas Policies and Procedures on Conflict of Interest and Conflict of Commitment, Including Outside Activity Conflict Management Plan for Collaborative Activities; other versions of similar documents representing additional years; University of Arkansas Disclosure of Externally

Reimbursed Travel Form; University of Arkansas Patent and Copyright Policy; Annual Report of Extra Income Form; (86 pages) and, additional NASA documents (443 pages);

**December 13, 2021** – Government filed an additional expert witness disclosure;

**December 20, 2021** - Government disclosed more translations (947 pages); and one video file (7 mins);

**December 21, 2021** – Government disclosed additional NASA documents (42 pages); University of Arkansas Trial Subpoena Returns including Proposal Development Document from 2016 (3 pages); similar document (3 pages); Route Log (1 page); Stanford University proposal of Dr. Debbie Senesky (4 pages); Final NASA proposal (51 pages); NASA Grant and Cooperative Agreement (10 pages); email correspondence between University of Arkansas administrators (9 pages); email correspondence between Dr. Ang and University of Arkansas administrators (16 pages); email correspondence between Dr. Ang, Dr. Senesky, and University of Arkansas administrators (1 page); RazorGrant Award Notice 1 (53 pages); RazorGrant Award Notice 2 (53 pages); Budget Revision (1 page); email exchange between University of Arkansas administrator and a government witness; RazorGrant Award Notice 3 (100 pages); University of Arkansas System Award Modification (4 pages); RazorGrant Award Modification (10 pages); Budget Revision (3 pages); Subaward Modification (4 pages); HIDEC Statement of Work (8 pages); HIDEC Statement of Work #2 (8 pages); University of Arkansas Statement of Intent to Establish Subrecipient Agreement (10 pages); Ozark Integrated Circuit Workbook (10 pages); University of Arkansas Log (1 page); University of Arkansas Proposal Development document (3 pages); University of Arkansas Proposal Development document #2 (3 pages); and,

**December 22, 2021** – Government disclosed more translations (246 pages).

The Government has been aware of the Defendant's intention to use Dr. Olejniczak since at least mid-November; and Defense Counsel has had several conversations with the Government about the nature of Dr. Olejniczak's testimony, his qualifications, and the anticipated timeline of the Defense's intent to provide summaries of expert witness opinions. The Government should be aware of the challenges involved in asking an expert witness to form opinions and generate reports based on discovery that is incomplete or unavailable. A portion of discovery, upon which Dr. Olejniczak must rely, was not disclosed to the defense until December 21, 2021, only 12 days before the Government filed its Motion to bar his testimony. It should be inconceivable to believe that Dr. Olejniczak could summarize his testimony when he had not been given adequate time to review relevant materials and form his opinions.

Furthermore, the Government was put on notice that the Defense's expert witness timeline would be constricted when the Defense filed its Motion to Continue the November 8, 2021 trial date. Defense asked for an additional 180 day continuance, stating that time would be necessary for expert witness development. The Government objected to the request for 180 days. Approximately 90 additional days were granted.

There is absolutely no prejudice to the United States in this designation. The United States has ample opportunity to cross examine Dr. Olejniczak at trial. The basis of his opinion testimony will be elicited from the United States' own discovery.

Federal Rule of Evidence 702 notes that the rule is not limited to those with scientific or technical knowledge but is to extend to all specialized knowledge one may possess by virtue of knowledge, skill, experience, training or education. Dr. Olejniczak has a wealth of knowledge, skill, experience and training from the 22 years he spent in higher education, both as a professor

in the University of Arkansas' engineering department and as an administrator, leading an engineering college, at Valparaiso University.  Dr. Olejniczak has a both a M.S. and a Ph.D. from Purdue University.  His testimony will clarify the issues of the case and assist the jury in understanding the University's grant process, conflict of interest policies, funding and the allegations that make up the basis of the Superseding Indictment.

According to its own Motion in Limine, "[t]he United States intends to call witnesses from UA who administered its conflict of interest, outside employment, and grant policies and processes…."  Dr. Olejniczak has credentials in each of these areas.   He has been involved in grant proposals/grants received throughout his career.  He has had to disclose potential conflict of interests on his own behalf, and, as an administrator, he has had to review the potential conflicts of others. Moreover, he led the University's High Density Electronics Center's effort, in power electronics miniaturization and packaging, to develop a successful commercial technology, into a NASDAQ listed company.  Who in the world could be more qualified to give opinion testimony in this case?

It is ironic that the Government argues the summary previously sent by Defense Counsel failed to provide it with "…notice…for the requesting party to be able to prepare for cross-examination and rebuttal of the expert's testimony."  This is exactly what Defendant has been asking for in the Government's case-in-chief throughout the discovery period, which should have ended on October 4th, 2021, but Defendant has been met with significant resistance.

The Eighth Circuit has held that exclusion of this testimony would severely prejudice the Defendant Ang and not the Government.  United States v. Kessler, 926 F.3d 490 (2019).  In Kessler, the Government filed an expert notice several weeks before trial.  Defendant moved to exclude said testimony.  The Court found that there were other remedies to exclusion including

granting a continuance, permitting the defense to interview the witness prior to trial, or "'enter[ing] any other order that is just under the circumstances.'"  *See* Kessler citing United States v. Shepard, 462 F.3d 847,866 (8th Cir. 2006).  Moreover, defense counsel in Kessler never explained how his client was prejudiced or why exclusion would cure any harm.  Id. *citing* United States v. Camacho, 555 F.3d 695, 704 (8th Cir. 2009) (holding that the district court did not abuse its discretion in admitting expert testimony defendant's lack-of-notice objection because he "neither demonstrated nor alleged prejudice.").  The purpose of Federal Rule of Criminal Procedure 16(b)(1)(B) and (C) is to prevent unfair surprise at trial and to allow opposing counsel an opportunity to prepare for cross-examination at trial.  United States v. Naegele, 468 F. Supp.2d 175 (2007).  The Advisory Committee Notes expressly state that 16 (b)(1)(C) "is to prevent unfair surprise at trial and to permit the government…to prepare rebuttal reports and to prepare for cross-examination at trial."

From the discussion above, it is abundantly obvious that the Government was on notice that Dr. Olejniczak would be a witness at trial.  The Government knew about this anticipated designation since mid-November.  No surprise or prejudice can be represented by the Government.  If the Court wishes to impose a less-restrictive alternative to exclusion, Defendant Ang will comply, but Counsel finds the designation of expert witness Dr. Olejniczak, in context of the Government's large and belated disclosures used to derive his summary, is given in good faith and not prejudicial to the United States.

WHEREFORE, the Defendant, SIMON SAW-TEONG ANG, respectfully asks this Court to Deny United States' Motion to Exclude Testimony from Defendant's Expert Kraig Olejniczak or otherwise implement a less-restrictive remedy in the event the Court finds any sanction to be applicable.

    Respectfully Submitted,
    SIMON SAW-TEONG ANG

        BY:/s/ Drew Ledbetter
        DREW LEDBETTER
        LEDBETTER│CLINE, P.L.L.C.
        P.O. Box 4039
        Fayetteville, AR 72702
        (479) 444-7444
        Supreme Court Number 2003142
        drew@ledbettercline.com

## CERTIFICATE OF SERVICE

I, Drew Ledbetter, hereby certify that on the 6th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/EFC System which will send notification of such filing to the following:

    Honorable Clay Fowlkes
    United States Attorney's Office
    via email to clay.fowlkes@usdoj.com

          /s/ Drew Ledbetter
         DREW LEDBETTER