IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO: 5:20-CR-50029-001 |
| VS. | ) | |
| | ) | |
| SIMON SAW-TEONG ANG | ) | |

**RESPONSE TO UNITED STATES' OMNIBUS MOTION IN LIMINE**

Comes now the Defendant, Simon Saw-Teong Ang, by and through his counsel, Drew Ledbetter, and for his Response to United States' Omnibus Motion in Limine, states the following:

The United States' Omnibus Motion in Limine is quite lengthy and better suited for a dispositive motion, which should have been filed months ago, leaving Defendant with little time to respond. Nonetheless, Defendant Ang and Counsel intend to follow the Rules of Procedure and the Rules of Evidence when applicable to evidence and statements. Of the seven (7) requests in limine, many purport to preclude the presentation of <u>any</u> defense with relevant and proper examination and evidence. Most of the United States' requests will be handled in the course of the trial and cannot be decided before the introduction of said proper evidence and testimony. The Government can always object to and/or cross examine witnesses to address its Motion in Limine.

1. The Government's first request is that Defendant be prohibited from introducing his own statements through other witnesses or eliciting them on cross examination of Government witnesses.

In response the Defendant asserts that he will follow the law, the rules of the Court, and the Federal Rules of Evidence. Clearly, for any statement to be introduced, it must be relevant and not violate the hearsay rules. There are a myriad of statements that may be offered that are not intended for the truth of the matter asserted or as exceptions to the hearsay rule. Only until such

1

time as the statement, if any, is introduced, will the Government be able to make an objection at trial. Defense counsel is cognizant of the Rules of Evidence and most certainly the Court is an expert on these rules, so attempts to evade the rules and/or tender hearsay will not occur.

    2. The Government's second request is to prohibit reference to the Government's failure to call equally available witnesses.

    In response the Defendant asserts that not all witnesses are equally available. However, the Defendant will follow the law, the rules of the Court, and the Federal Rules of Evidence.

    3. The Government's third request is to exclude references to or evidence of bad character and conduct of Government witnesses.

    In response Defendant asserts that he will follow the law, the rules of the Court, and the Federal Rules of Evidence.

    4.The Government's fourth request is to exclude evidence of the Defendant's good conduct and character.

    In response the Defendant asserts that it will follow the law, the rules of the Court, and the Federal Rules of Evidence. The same Motion in Limine was filed in the United States' case against Anming Hu in the Eastern District of Tennessee. Similar case law is applicable. In Hu, the Government sought to exclude testimony that the Defendant had a distinguished career, had followed the rules applicable to grant writing/receiving over a period of years and had a history of honesty and transparency with his university.

    Federal Rules of Evidence 404(a) and 405 govern character evidence. Although Rule 404(a) states that "[evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," 404(a)(2) provides an exception for a defendant in a criminal case. In a criminal case "a defendant may

offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Further, when evidence of a person's character is admissible, "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Additionally, "[when a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

Courts have emphasized that the evidence show a pertinent character trait under 404(a)(2)(A) to be admissible. See *United States v. Hazelwood*, 979 F.3d 398, 410 (6th Cir. 2020); *United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989). Moreover, "pertinent" is synonymous with "relevant." *U.S. v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981). Although character traits such as bravery, attention to duty, and community spirit may not be relevant to a charge of fraud, traits such as honesty and truthfulness are pertinent. See *United States v. Hough*, 803 F.3d 1181, 1190 (11th Cir. 2015) (holding that "evidence of a criminal defendant's 'pertinent' character trait- such as honesty and truthfulness in a fraud case is admissible.") *United States v. Hough*, 803 F. 3d 1181, 1190 (11th Cir. 2015). Therefore, it is clear that the Defendant should be able to introduce testimony and/or opinion as character evidence that show his integrity and transparency through 404(a) (2)(A) and 405(a). Additionally, Defendant should also be able to admit certain specific instances of conduct under 405(b).

Though Rule 405(b) permits testimony regarding specific incidents of prior conduct to establish character, the subsection applies only where character is explicitly tied to an element of a charged offense or a defense to the charge. See, e.g., *United States v. Franco*, 484 F.3d 347, 352 (6th Cir. 2007) (noting that "Rule 404(a) character evidence is generally only admissible in

the form of reputation or opinion," but "Rule 405(b) provides that in cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.') (quoting Fed. R. Evid. 405(b)); see also Fed. R. Evid. 405, Advisory Committee Note (explaining that (b) permits character proof via specific conduct in a defendant's case in chief only "when character is actually in issue"); *United States v. Clark*, 377 F. Appx 451, 460 (6th Cir. 2010) (noting that, in evaluating whether character is an elemental issue, "(the relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?") (quoting *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995)).

      The Defendant has been charged with wire fraud and false statements. The elements of both of these charges include deception, fraud, and concealment or omission. Although not explicitly stated in the law, both offenses are characterized by lying and dishonesty. See *Carpenter v. United States*, 484 U.S. 19, 27 (1987) ("The words 'to defraud' in the mail fraud statute have the 'common understanding' of wronging one in his property rights by dishonest methods or schemes"); *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012) ("[T]he mail fraud and wire fraud statutes have as an element the specific intent to deprive one of something of value through a misrepresentation or other similar dishonest method).

      By virtue of each instant law requiring as an element in some form defrauding, deceiving, or making false statements, it is impossible to fulfill the elements of either wire fraud or false statements without the character trait of dishonesty. Therefore, Defendant's character trait of dishonesty is an essential element of both instant charges. Because of this, in addition to by reputation or opinion, Defendant should be allowed to prove his character by relevant specific instances of his conduct under Rule 405(b).

Even if the Defendant is not granted the permission to admit any specific instance of conduct, he should be able to admit those specific instances that occurred during the alleged crime. The Government cites multiple cases that exclude specific instances of prior or subsequent good conduct unrelated to the case at hand. See *United States v. Silber*, 456 F. Appx 559 (6th Cir. 2012) (excluding testimony from the defendant of no prior notice of overbilling by Medicare in previous jobs); *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (excluding testimony of commendations for good police work received for the defendant's former job), and *United States v. Melton*, 2008 WL 4829893 (S.D. Miss. Nov. 4, 2008) (excluding testimony of awards and commendations for good police work received in the defendant's previous job); *United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) (excluding testimony of failing to steal "test letters" five months after the alleged crimes were committed). However, these cases do not prohibit the introduction of associated specific instances of good conduct that occurred concurrently to the alleged charges.

Defendant has been charged with wire fraud and false statements, the former allegedly beginning in June 2013 and lasting through the date of the indictment in May 2020. As the alleged charge took place over multiple years, any specific instance of conduct that occurred after June 2013 would be material evidence of pertinent conduct because it was simultaneous to the allegations rather than unrelated previous conduct. Some of these instances include conduct such as confirming compliance with University officials and other supervisors, satisfactory remarks between team members, and progress reports. Additionally, many of these same specific instances of pertinent conduct could also fall under Federal Rule of Evidence 406.

Although where the Government may seek to exclude certain instances of specific conduct through Rule 405(b), introducing some of these same good acts is protected by Federal

Rule of Evidence 406. Rule 406 states, "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." However, "before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Simplex, Inc. v. Diversified Energy Sys., Inc.,* 847 F.2d 1290, 1293 (7th Cir. 1988). In other words, the evidence "must be numerous enough to base an inference of systematic conduct' and to "establish one's regular response to a specific situation." *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 511 (4th Cir. 1977).

  5. The Government's fifth request is to exclude at trial any claim, questioning, or argument of selective prosecution including evidence or arguments related to FBI and DOJ initiatives.

  In response the Defendant asserts that he is not asking for his case to be dismissed based on Selective Prosecution.  However, the facts presented at trial will speak for themselves.  The Government has presented false information to witnesses; the Government has stretched the meaning and application of the NASA Restriction; and the Government's aggressive tactics in this case are explained by the fact that they were under a directive to search for Chinese spies.

  The FBI was told to bring this type of investigation and prosecution.  (Please see attached, "Exhibit A" The China Initiative: Year in Review 2019-2020.)  The Department of Justice has given this type of prosecution its own name, "The China Initiative."

  If this Honorable Court orders the Defendant not to present evidence about the China Initiative, the Court will be denying the Defendant's right to cross-examine the FBI witnesses about why they employed certain tactics to obtain an Indictment.  Under the Federal Rules of

Evidence 404(b), a witness' bad acts may be shown to demonstrate motive. Here, the FBI presented false facts to lay witnesses, University of Arkansas administrators, University of Arkansas employees, colleagues of Dr. Ang, friends of Dr. Ang, and family of Dr. Ang to change their view of Dr. Ang and affect the testimony of these witnesses.

The United States Department of Justice has instructed its members to seek out cases like the one brought against Dr. Ang. The Justice Department cannot deny they have been told to take this initiative. The initiative is plainly laid out on the Department of Justice's own website. The Defendant does not claim selective prosecution as a defense, but requests that the Defendant be allowed to explain to the Jury the motivations behind the aggressive actions taken by the Government. Also, although the Defendant does not plan to bring a defense of selective prosecution, the same facts and evidence that would support a selective prosecution claim are favorable to the Defendant and it would be a dangerous injustice to exclude them altogether.

6. The Government's sixth request is to exclude testimony of undisclosed expert witnesses and any expert for which the Defendant does not disclose summaries for.

In response the Defendant asserts that he has addressed this issue in two other responses to the Government's other Motions in Limine on the same subject. The Defendant's timeline on hiring expert witnesses and providing summaries from said expert witnesses has been severely delayed by the Government's refusal to provide discovery in a timely manner. The Defendant further asserts that he will follow the law, the rules of the Court, and the Federal Rules of Evidence.

7. The Government's seventh request is to exclude references to the constitutionality of the Wolf Amendment or China Restriction.

In response the Defendant asserts that he has no plans to argue constitutional law to the jury. The Defendant will follow the law, the rules of the Court, and the Federal Rules of Evidence.

8. The Government's eighth request is to preclude the Defendant from offering improper defenses, and irrelevant and unfairly prejudicial arguments, during any phase of the trial, including jury selection, opening statements, examination of witnesses, and closing arguments.

In response the Defendant asserts that he will follow the law, the rules of the Court, and the Federal Rules of Evidence.

WHEREFORE, the Defendant, SIMON SAW-TEONG ANG, respectfully asks this Court to deny the United States' Omnibus Motion in Limine, or to reserve ruling where appropriate until factual matters are clarified before the Court in trial.

Respectfully Submitted,
SIMON SAW-TEONG ANG

BY:/s/ Drew Ledbetter
DREW LEDBETTER
LEDBETTER │ CLINE, P.L.L.C.
P.O. Box 4039
Fayetteville, AR 72702
(479) 444-7444
Supreme Court Number 2003142
drew@ledbettercline.com

**CERTIFICATE OF SERVICE**

I**,** Drew Ledbetter, hereby certify that on the 10th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/EFC System which will send notification of such filing to the following:

Honorable Clay Fowlkes
United States Attorney's Office
via email to clay.fowlkes@usdoj.com

  /s/ Drew Ledbetter
DREW LEDBETTER