IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 5:20-CR-50029-001 |
| | ) |
| SIMON SAW-TEONG ANG | ) |

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1. The Defendant, **SIMON SAW-TEONG ANG**, hereby agrees to plead guilty to Count 58 of the Superseding Indictment. Count 58 charges the Defendant with the offense of making a materially false and fictitious and fraudulent statement and representations to Federal Bureau of Investigations Special Agent Jonathan Willett, in violation of Title 18, United States Code, Sections 1001(a)(2). If the Court accepts this plea agreement, once the Court has pronounced sentence, the government will move to dismiss the remaining counts and the forfeiture allegation on the Superseding Indictment pending against the Defendant.

### AGREEMENT PURSUANT TO RULE 11(c)(1)(C)

2. The United States and the Defendant agree that Defendant's plea of guilty is made pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C) and that a sentence of one year and one day incarceration is the appropriate sentence in this matter. The United States and the Defendant agree that a fine should be imposed in the amount of $5,500. The United States and the Defendant understand and agree that to the extent that this plea is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court may decline to accept this agreement. If the

Court does not accept the agreement, the Defendant will be given the opportunity to withdraw from the plea.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

3. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crimes to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

### BACKGROUND

a. The Defendant, Simon Saw-Teong Ang (hereinafter, "Ang") was a professor of electrical engineering and researcher at the University of Arkansas in Fayetteville, Arkansas. Ang was employed at the University of Arkansas from approximately the fall semester of 1988 until the spring semester of 2020. During his tenure at the University of Arkansas, Ang also served as the Director of the High Density Electronics Center (HiDEC) until on or about May 8, 2020.

### THE UNIVERSITY OF ARKANSAS DISCLOSURE POLICIES

b. The University of Arkansas also has a policy regarding inventions, patents, and intellectual property. This policy is contained in Board of Trustees Board Policy 210.1 and includes the following provisions:

> It shall be the policy of the University that ownership of all Inventions created by any person or persons to whom this policy is applicable shall reside in the University. This policy is established in furtherance of the commitment of the University to the widest possible distribution of the benefits of University Research, the protection of Inventions resulting from such research, and the development of Inventions for the public good.
>
> Inventors may obtain rights in Inventions which the University has chosen not to claim under this policy or pledged to a third party as a result of a grant, contract, cooperative agreement, or other Sponsored Research agreement.

> Disclosure: All persons to whom this policy is applicable shall furnish to the University a full and complete disclosure of any Invention promptly after it is created or conceived or first reduced to practice. Such persons shall cooperate in a timely and professional manner with the University or with patent or other counsel in protecting Inventions and perform all acts necessary for the University to fulfill its obligations under University Research, including the execution of confirmatory assignments. The University may require technical advice and assistance from Inventors in the development and licensing of their Inventions.

## ANG'S ACTIVITIES IN THE PRC

c. While working as a professor at the University of Arkansas, Ang held multiple positions with companies based in the Peoples Republic of China, (hereinafter, "PRC"). During the relevant period, Ang held positions or had affiliations with several companies in the PRC, including Binzhou Maotong Electronic Technology Co. Ltd., Jiangsu Xuanzhi New Materials and Technology Co., Ltd., and Binzhou Gande Electronic Technology Ltd. Ang's involvement included taking leadership roles in the companies.

d. Ang received numerous talent awards from the PRC government. In a September 27, 2018 email, Ang detailed awards that he received from the PRC. Specifically, Ang listed that he was a "One Thousand Talent Program – Industry" Shangdong Province award recipient in 2014 and a "State Specially Recruited Experts" award recipient in 2016. In addition, Ang also received the "Qilu Friendship Award" from the PRC government in 2018, as FBI special agents discovered from a July 16, 2019 Chinese news article entitled "Gaoxin District National 'Thousand Talents Plan' Expert "洪思忠" (in Ang's Chinese birth name) Receives the 2018 Qilu Friendship Award."

Various PRC government talent programs offer financial, personal, and professional benefits as incentives for recipients to work with universities, businesses, and state-owned enterprises in the PRC.

e.   There are twenty-four (24) patents filed in China bearing Ang's name or Chinese birth name. These patents listed Ang as one of the co-inventors. Further, in Ang's hard-copy application for the Thousand Talents Program, Ang included copies of patents that he had obtained in China, listing Ang as one of the inventors.

f.   Ang did not list his PRC talent awards on the University of Arkansas annual conflict of interest disclosure forms. He also did not disclose his Chinese patents to the University of Arkansas.

### ANG'S MATERIALLY FALSE STATEMENT TO THE FBI

g.   With regard to Count 58 of the Superseding Indictment, FBI Special Agent Jonathan Willett interviewed Ang on May 8, 2020. During this interview, Special Agent Willett advised Ang of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Special Agent Willet also repeatedly advised Ang that, under Title 18, United States Code, Section 1001(a)(2), Ang could face possible criminal punishments if he made materially false statements during the interview.

h.   During the interview, Special Agent Willett asked Ang whether his name would be listed as the "inventor" of numerous patents in China. Ang stated the following: "Yeah, I am not the inventor, I don't even know what that is."

i.   This statement and representation was materially false because Ang knew that he was listed as the "inventor" of numerous patents in China.

j.   Ang's false statement was material to the FBI's investigation into the activities of Ang and others for many reasons because the FBI was investigating whether Ang had violated the University of Arkansas intellectual property and notice of invention policies as well as its conflict of interest and outside employment disclosure policies.

    k.    Based on all the evidence recovered during the course of this investigation, the United States can prove beyond a reasonable doubt that Ang committed the offense of knowingly and willfully making a materially false and fictitious and fraudulent statement and representation to Federal Bureau of Investigation Special Agent Jonathan Willett, in violation of Title 18, United States Code, Section 1001(a)(2).

## ADVICE OF RIGHTS

4.    The Defendant hereby acknowledges that he has been advised of his constitutional and statutory rights. Further, the Defendant agrees that he fully understands his right:

    a.  To have an attorney and if he cannot afford an attorney, to have one provided to him and paid for at government expense;

    b.  To persist in his plea of not guilty;

    c.  To have a speedy and public trial by jury;

    d.  To be presumed innocent until proven guilty beyond a reasonable doubt;

    e.  To confront and examine witnesses who testify against him;

    f.  To call witnesses on his behalf;

    g.  To choose to testify or not testify and that no one could force him to testify; and,

    h.  To have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5.    The Defendant hereby acknowledges that he understands with respect to the count to which he pleads guilty, he thereby <u>WAIVES</u> all of the rights listed in (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6.    The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

8. Defendant agrees that if after signing this plea agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or if the Defendant violates any term of this plea agreement, takes a position at sentencing which is contrary to the terms of this plea agreement or attempts to withdraw from this plea agreement, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

9. The Defendant further agrees that a breach of any provision of this plea agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

a. admissions against interest, both oral and written, made by Defendant to any person;

b. statements made by the Defendant during his change of plea hearing;

c. the factual basis used at the change of plea hearing;

d. any testimony given under oath to a grand jury or petit jury;

e. any and all physical evidence of any kind which the Defendant has provided to the government; and,

f. any and all information provided by the Defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

10. The Defendant hereby acknowledges that he has been advised of the maximum penalties for the count to which he is pleading guilty. By entering a plea of guilty to Count 58 of the Superseding Indictment filed against him, the Defendant agrees that he faces:

a. a maximum term of imprisonment for five years;

b. a maximum fine of $250,000.00;

c. both imprisonment and a fine;

d. a term of supervised release for not more than 3 years which begins after release from prison;

e. a possibility of going back to prison if the Defendant violates the conditions of supervised release; and,

f. a special assessment of $100.00.

## CONDITIONS OF SUPERVISED RELEASE

11. The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

a. The Defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.

b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

c. The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.

d. The Defendant shall answer truthfully the questions asked by the probation officer.

e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f. The Defendant shall allow the probation officer to visit the Defendant at any time at his residence or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

g. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

h. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

i. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

j. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting

   the permission of the court.

  k. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

  l. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## PAYMENT OF MONETARY PENALTIES

12. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

13. The government agrees that no other federal charges, which stem from activities described in the Superseding Indictment, will be brought against the Defendant in the Western District of Arkansas.

## PERJURY

14. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this plea agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

15. The government agrees not to object to a finding by the probation office or a ruling of the court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, or gives conflicting statements about that involvement, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

16. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a. make all facts known to the Probation Office and to the Court;

    b. call witnesses and introduce evidence in support of the Presentence Report;

    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d. contest and appeal any departure from the appropriate Guideline range; and,

    e. defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## DISMISSAL OF COUNTS

17.  The government's agreement to dismiss certain counts of the Superseding Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the government's motion to dismiss the agreed counts in the Superseding Indictment, the Defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

18.  The government and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

19.  The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESMENT

20.  The Defendant agrees that he will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY THE DEFENDANT

21.  By signing this Plea Agreement the Defendant acknowledges that:

    a.  The Defendant has read this agreement carefully (or it was read to him) and reviewed every part of it with defense counsel.

    b.  The Defendant fully understands this plea agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this plea agreement.

    c.  No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.

    d.  The Defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.

    e. The Defendant has entered into this plea agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

22. By signing this plea agreement, counsel for the Defendant acknowledges that:

    a. Counsel has carefully reviewed every part of this agreement with the Defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.

    b. Counsel has explained the ramifications of the plea agreement to the Defendant, and believes that the Defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

    c. The Defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

23. The Defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this _20_ day of January, 2022.

_____
Simon Saw-Teong Ang
Defendant

_____
David Clay Fowlkes
United States Attorney
Western District of Arkansas

_____
Drew Ledbetter
Attorney for Defendant